W. J. CRITCHER *v.* D. B. HODGES.

A charge, " That while in all cases, it was pleasant to reconcile testimony, here there was no chance to do so. That one or the other of the parties, it was plain, had committed perjury; and the jury must meet the case fairly, and decide which of the parties had sworn to the truth," gives no intimation whatever from his Honor, which witness the jury are to believe, and is, therefore, no ground for a new trial.

*Quere*—Whether a defendant, in a summary proceeding to recover possession of land, can, by order of the Court, be compelled to give a bond.

(*State* v. *Thomas,* 7 Ired. 381; *State* v. *Presley,* 13 Ired. 494, cited and approved.)

CIVIL ACTION, tried before *Henry, J.,* at Fall Term, 1872, of the Superior Court of WATAUGA county.

The action, a summary proceeding to recover possession of land, commenced in a Justice's Court, from whose judgment the plaintiff appealed. In the Superior Court, there was a verdict and judgment against the plaintiff, and he again appealed.

The facts are stated in the opinion of the Court.

*Folk,* for appellant.
*Todd,* contra.

BOYDEN, J. This was a civil action, commenced before a Justice of the Peace, under the Landlord and Tenant act.

It was admitted, that the defendant entered into the premises, as the tenant of the plaintiff, under a written lease for twelve months, dated Oct. 7th, 1870; that the term for which the defendant entered had expired, and that there had been a demand for possession and a refusal to surrender, before the commencement of this action.

The defendant in his answer admitted, that the written lease of Oct. 7th, 1870, had expired, but alleged that he and the plaintiff, in the month of September, 1871, had made a verbal agreement, continuing the lease for another term of

twelve months.   The plaintiff denied this second lease.   The Justice decided the case in favor of the defendant, and the plaintiff appealed to the Superior Court.   At the term when the appeal was filed, the plaintiff moved for an order that defendant enter into bond to pay the costs and damages, if he should fail to establish his defense.   His Honor made the order.   We are not aware of any authority for this order. The case states, that under the order, the defendant gave a bail bond.   At the trial term, no objection was taken to the form of the bond given by the defendant, and the parties went to trial, and the jury gave their verdict in favor of the defendant.   The plaintiff's counsel then moved the Court for judgment against the defendant, which was refused, for the reason, that the motion comes too late.   As the verdict was against the plaintiff, he has lost nothing by the defendant's failure to give the bond, even if the Court had the right to make the order, which we do not admit.

The charge of his Honor, to which exception is taken, is in the following language : "That while in all cases, it was pleasant to reconcile testimony, here there was no chance to do so.   That one or the other of the parties, it was plain, had committed perjury, and the jury must meet the case fairly, and decide which of the parties had sworn to the truth."   There is in this language not the slightest intimation on the part of his Honor which witness they should believe, as in the case of the *State* v. *Thomas*, 7 Ired. 381, and in the case *State* v. *Presley*, 13 Ired. 494.   The plaintiff and defendant were the only witnesses.   The plaintiff swore "there was no other lease, or agreement for a lease, written or verbal, by which the tenancy was or could be continued." While the defendant swore "to a verbal lease in September, 1871, continuing the tenancy twelve months longer." Upon this evidence, we regard the charge of his Honor the same as far as the verdict of the jury was concerned, as if he had said here is a direct conflict of testimony, which cannot

be reconciled, and it is for the jury to determine which party they will believe. How was this charge calculated to prejudice the cause of the plaintiff? Could the defendant have assigned the same error, had the verdict been against him? Why not, if the plaintiff can, when it was against him? We think his Honor left the question fairly to the jury to decide which they would believe.

The cases cited by plaintiff's counsel have no bearing upon the point in this case.

There is no error.

This will be certified.

PER CURIAM.                                   Judgment affirmed.